UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLOU H., | Case No.: 3:24-cv-02118-AHG |
| Plaintiff, | **ORDER:** |
| v. | **(1) DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES AS MOOT; and** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | **(2) GRANTING JOINT MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d))** |
| | **[ECF Nos. 29, 31]** |

1

Before the Court is (1) Plaintiff's Petition for Attorney Fees, Costs, and Expenses Under the Equal Access to Justice Act ("Plaintiff's *Ex Parte* Petition"); and (2) the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) (the "Joint Motion"). ECF Nos. 29, 31. For the reasons set forth below, the Court **DENIES** Plaintiff's *Ex Parte* Petition **as moot** and **GRANTS** the parties' Joint Motion.

I.      BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of her application for disability benefits at the agency level. ECF No. 1. On July 14, 2025, the parties submitted a Joint Motion for Judicial Review. ECF No. 24. On February 18, 2026, the Court issued an Order resolving the Joint Motion for Judicial Review, reversing the Commissioner's denial of benefits to Plaintiff, and remanding the action for the calculation and award of benefits. ECF No. 26.

On May 20, 2026, Plaintiff filed her *Ex Parte* Petition for attorney fees. ECF No. 29. In Plaintiff's *Ex Parte* Petition, she sought an attorney fee award in the amount of $6,328.58 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and stated that counsel for the parties had yet to engage in good-faith settlement negotiations on the matter of the appropriate EAJA fee award. *Id.* at 3. On June 2, 2026, the parties then filed their Joint Motion, in which they state that they stipulated to a reduced EAJA fee award amount of $6,000.00. ECF No. 31 at 1. In light of the parties' stipulation to a reduced EAJA fee award, the Court will deny Plaintiff's *Ex Parte* Petition as moot and consider only the relief requested in the parties' Joint Motion.

In support of the initial *ex parte* petition, Plaintiff's counsel Monica Perales submitted a time sheet showing that she completed 2.70 hours of work on this case at $251.84 per hour and 19.05 hours of work on this case at $258.46 per hour. ECF No. 31-1. Additionally, paralegals completed 4.05 hours of work on this case at a rate of $179.00 per hour. *Id.* Consequently, the total billed fee amount for Plaintiff's counsel and the

paralegals was $6,328.58, but, as noted, the total fee request has been reduced to $6,000.00 in the parties' Joint Motion. *See* ECF No. 31-1 at 2; ECF No. 31 at 1.

## II.    THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[1] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, judgment was entered on February 19, 2026, and Plaintiff filed the motion for EAJA fees on May 20, 2026. ECF Nos. 28, 29. The motion was filed within thirty days after expiration of the sixty-day appeal period and therefore falls within the EAJA filing period. Accordingly, Plaintiff met the deadline to file a timely motion for EAJA fees. As discussed, after Plaintiff filed the *Ex Parte* Petition, the parties reached an agreement on a reduced stipulated amount. ECF No. 31. Therefore, the Court considers the EAJA fee motion timely, but will analyze the motion with the reduced stipulated amount in mind.

## III.    DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

---

[1] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

3:24-cv-02118-AHG

### A.    Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Plaintiff is the prevailing party because she successfully obtained a reversal of the Commissioner's decision and a remand of her case for the calculation and award of benefits. ECF No. 26; *see Shalala*, 509 U.S. at 300–01.

### B.    Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of Harris's request for EAJA attorney fees[.]" ECF No. 31 at 3. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." ECF No. 31 at 3; *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.").

### C.    Reasonableness of Hours

The parties seek a fee award for 25.80 hours billed by Plaintiff's counsel and paralegals. ECF No. 31-1. The Court finds the number of hours billed by Plaintiff's counsel to be reasonable. *See* 28 U.S.C. § 2412(d). The total number of hours billed is within the typical range seen in social security appeals. *See, e.g.*, *Costa v. Comm'r of SSA*, 690 F.3d

3:24-cv-02118-AHG

1132, 1136 (9th Cir. 2012) (noting that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours). Therefore, the Court will not question counsel's judgment that the hours expended were necessary to achieve the favorable result for the client in this case. *See Costa*, 690 F.3d at 1136 (reiterating the Ninth Circuit's previous position that "courts should generally defer to the 'winning lawyer's professional judgment as to how much time [she] was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)).

**D.      Reasonableness of Hourly Rate**

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has established that "the EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases[.]" *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). Accordingly, the Ninth Circuit has set its own statutory maximum EAJA rates, factoring in annual increases in the cost of living. The statutory maximum EAJA rate for attorney work performed in 2024 in the Ninth Circuit was $251.84, and the statutory maximum EAJA rate for work performed in 2025 was $258.46.  *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 9, 2026); *see also Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $251.84 per hour for work performed in 2024 and $258.46 per hour for work performed in 2025. ECF No. 31-1 at 2. Additionally, paralegal time was billed at a rate of $179.00 per hour. *Id.* at 1. As

such, the Court finds that the hourly rates billed by counsel and the paralegals are reasonable.

### E.     Assignment of Rights to Counsel

The parties jointly request that fees be made payable to Plaintiff, but that if the Department of the Treasury determines Plaintiff does not owe a federal debt, payment may be made directly to Plaintiff's attorney pursuant to Plaintiff's assignment. ECF No. 31 at 2; *see also* ECF No. 31-2 ¶ 4 (Representation Agreement signed by Plaintiff stating in pertinent part, "Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v.*

3:24-cv-02118-AHG

*Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at \*3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

Here, Plaintiff assigned her right to EAJA fees to her attorney. ECF No. 31-2. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to Monica Perales pursuant to Plaintiff's assignment.

**IV.   CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that:

1. Plaintiff's *ex parte* petition (ECF No. 29) is **DENIED as moot**;

2. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (ECF No. 31) is **GRANTED**;

3. Plaintiff is awarded attorney fees under the EAJA in the amount of $6,000.00; and

4. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Monica Perales.

**IT IS SO ORDERED.**

Dated: June 26, 2026

Honorable Allison H. Goddard
United States Magistrate Judge

3:24-cv-02118-AHG